Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Nathaniel L. Dilger (Bar No. 196203)
ndilger@onellp.com
Kainoa Asuega (Bar No. 279463)
kasuega@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

Attorneys for Plaintiff,
Targus Group International, Inc.

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| TARGUS GROUP INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>M-EDGE ACCESSORIES, LLC, a Maryland limited liability company;<br><br>Defendant. | Case No.  SACV14-01455-JVS-RNB<br><br>**STIPULATED PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE; ORDER THEREON** |

1  This case having come before this Court, and it being represented to the Court that
2  Plaintiff Targus Group International, Inc. ("Targus") and Defendant M-Edge Accessories,
3  LLC ("M-Edge") have compromised and settled the matters in dispute, IT IS HEREBY
4  ORDERED, ADJUDICATED and DECREED as follows:

## PERMANENT INJUNCTION ORDER

Having considered the Stipulation of the parties, and for good cause shown, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the parties and the subject matter in this case.
2. Venue is proper in this judicial district.

Pursuant to 35 U.S.C. § 283, pursuant to 35 U.S.C. § 283, as of the date of this Court's Order, M-Edge, and any of its employees, agents, representatives, subsidiaries, directors, principals, officers, successors, and assigns, and all others acting in concert or participation with M-Edge who receive actual notice of this Order, shall - excepting as specifically permitted by the provisions of Paragraph 4 below - be permanently enjoined and restrained from all importing, manufacturing, marketing, advertising, using, offering for sale, and selling:

    a. Any "360° CASE," which term is defined to include:
- The case marketed and/or advertised by M-Edge as "the Stealth 360°" case,
- The case marketed and/or advertised by M-Edge as the "Latitude 360°" case,
- The case marketed and/or advertised by M-Edge as the "Incline 360°" case,
- The case marketed and/or advertised by M-Edge as the "Trip 360°" case,
- The case marketed and/or advertised by M-Edge as the "Hampton 360°" case, and

- The case marketed and/or advertised by M-Edge as the "Sport 360°" case.[1]
- The case marketed and/or advertised by M-Edge as the "Universal 8" 360°" case.

   b.   Any case no more than colorably different than any "360° CASE."

3.   M-EDGE'S SELL-OFF RIGHTS:  M-Edge represents and warrants that it has a current inventory of approximately 108,977 360° CASES ("CURRENT 360° INVENTORY.").  As to this CURRENT 360° INVENTORY and notwithstanding anything to the contrary herein, for a period of 9 months from the date of the court's entry of a Stipulated Injunction, the parties agree and hereby stipulate that M-Edge will have the right to sell, offer for sale, or otherwise dispose of the CURRENT 360° INVENTORY.  At the termination of this 9-month period, M-Edge will be required to destroy all remaining units of the CURRENT 360° INVENTORY.

4.   This Court SHALL RETAIN JURISDICTION of this action to the extent necessary to ensure full compliance with all obligations imposed by the Permanent Injunction Order, including the enforcement of this Stipulated Permanent Injunction by way of contempt or otherwise.   The obligations of the parties, as set forth in the Stipulated Permanent Injunction, SHALL BE ENFORCED, if necessary, exclusively by this Court.

5.   If in the future either party files suit against the other party vis-à-vis the Asserted Patents, the filing party SHALL FILE SUIT in the United States District Court for the Central District of California and, pursuant to Local Rule 4.3.1, simultaneously file a Notice of Related Case with the Court identifying this dismissed action.

6.   M-Edge has waived any appeal of the Stipulated Permanent Injunction.

---

[1] The identified "360°"-type cases are typically manufactured in one or more configurations specific to the product for which they are intended to be used.  These products include the iPad mini, iPad, Kindle 4, Kindle Fire HD 7", Kindle Fire 8.9", Kindle Fire 7", Kindle Paperwhite, Kindle Touch, Kobo Touch, Kobo Arc, Nook Touch, Nook Touch with GlowLight, Nook 3, Nook Color, Nook Tablet, Galaxy 10.1, and Nexus 10, Nexus 7, and Reader PRS-T1.  This Stipulated Final Injunction specifically includes each such configuration.

7. Each of the parties SHALL BEAR ITS OWN COSTS AND ITS OWN ATORNEYS' FEES.

8. This is a final judgment. Subject to this Court's limited retention of jurisdiction as set forth above, all claims filed in this action SHALL BE DISMISSED from this action WITH PREJUDICE.

9. Having addressed each of the claims in this action, this case SHALL BE CLOSED.

Dated: March 05, 2015

_____
Hon. James V. Selna
United States District Judge